**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 22-2963 and 23-1079

_____

W. R. BERKLEY CORP., a Delaware corporation

v.

JULIE ANN W. DUNAI,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-19-cv-01223)
District Judge: Honorable Stephanos Bibas[*]

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 2, 2023

Before: JORDAN, ROTH and AMBRO, <u>Circuit Judges</u>

(Opinion filed: February 9, 2024)

_____

OPINION[**]

_____

_____

[*] The Honorable Stephanos Bibas, Circuit Judge, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

**AMBRO**, <u>Circuit Judge</u>

Julie Dunai, a corporate vice president, received more than $200,000 in stock benefits from her former employer, a subsidiary of insurance company W. R. Berkley Corporation. But the agreements providing for those benefits included a clawback provision providing that if Dunai engaged in competitive activity within a year of terminating her employment, the company could demand return of the stock or a payment for its value. The agreements further provided that Berkley's Compensation Committee exercised absolute discretion to determine whether a former employee engaged in competitive activity as defined under the agreements.

Dunai left Berkley and joined another insurance company within a year of her departure. The Compensation Committee determined this constituted competitive activity under the agreements and demanded Dunai return the stock or pay for its value. She refused, and Berkley sued. The District Court granted summary judgment in its favor.

On appeal, Dunai challenges the judgment of that Court on various grounds. Her primary argument is that the clawback provision is unreasonable and unenforceable. For the reasons that follow, it is not, and we affirm.

## I.

From 2011 to 2019, Dunai worked for Vela Insurance Services, LLC, a subsidiary of Berkley. During her employment, she entered into several restricted stock unit ("RSU") agreements. Under them, subject to certain conditions, she would receive RSUs

2

in Berkley. Through these agreements, Dunai ultimately received Berkley stock valued at over $200,000.

The RSU agreements included a provision by which Berkley could, if Dunai engaged in "Competitive Action" within a year following the termination of her employment with Berkley (*i.e.*, its subsidiary, Vela), recapture the shares or demand their cash value as of their vesting date. "Competitive Action," as defined in the agreements, includes engaging in competitive business activity within a geographical area where Berkley or its subsidiaries are engaged in business.

Further, under the agreements, the determination of whether a former employee has engaged in Competitive Action is reserved to the "sole and absolute discretion" of the Berkley Compensation Committee. App. 50, 65, 79, 93. The agreements separately provide that judicial review of a Compensation Committee determination is limited to whether it was the "result of fraud or bad faith under Delaware law." App. 55, 70, 84, 98.

In January 2019, Dunai resigned from Vela. Less than a year later—*i.e.*, within the time period triggering the clawback provision for engaging in competitive activity— she obtained employment with another company, Argo Group. The Compensation Committee learned of this and considered whether Dunai was engaging in Competitive Action. It determined unanimously that she was and, consequently, that she must return the stock she gained through the RSU agreements or pay its value back to Berkley.

Dunai did not do so, and, as a result, Berkley filed the suit underlying this appeal, seeking repayment in the amount of $207,181.31. Dunai responded with a motion to dismiss, arguing the RSU agreements' clawback provision was an unenforceable non-

3

compete. She also argued that Illinois law, rather than Delaware law, should govern. The District Court entered an order requiring preliminary discovery to inform its choice-of-law analysis. Dunai then filed a renewed motion to dismiss and for partial summary judgment on the choice-of-law issue.

The District Court denied the motion. It determined Delaware law applied, concluded the contract was enforceable under that law as being reasonable, and also decided the clawback provision was not an unenforceable liquidated damages provision.

The parties then filed cross-motions for summary judgment. The District Court granted Berkley's motion and denied Dunai's motion. It determined again that Delaware law governed and also concluded that Dunai failed to show the Compensation Committee had acted in bad faith. Dunai appeals that order.

Berkley subsequently filed a motion for entry of final judgment and to request pre- and post-judgment interest. The District Court granted the motion in part. Dunai appeals that judgment as well.[1]

## II.

Dunai contends that the District Court applied an incorrect legal test when evaluating the stock clawback provision in response to her motion to dismiss. She relies

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of Berkley's summary judgment motion is plenary. *Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 257 (3d Cir. 2012). We may review the Court's denial of Dunai's motion to dismiss as an interlocutory order that merges into the final judgment. *See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 659 (3d Cir. 2022); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 706 (3d Cir. 1996).

primarily on a Delaware Court of Chancery case decided after the District Court's final judgment. *Ainslie v. Cantor Fitzgerald, L.P.*, No. 9436-VCZ, 2023 WL 106924 (Del. Ch. Jan. 4, 2023). It held that forfeiture-for-competition provisions—*i.e.*, provisions requiring employees who compete with their former employer to forfeit some benefit to which they were otherwise entitled—should be assessed under the reasonableness standard applicable to restraints of trade under Delaware law. *Id.* at *25. Dunai argues the District Court failed to apply the proper reasonableness test under *Ainslie*.

But since the filing of Dunai's appellate briefing, the Delaware Supreme Court has reversed the Court of Chancery. *Cantor Fitzgerald, L.P. v. Ainslie*, No. 162, 2023, 2024 WL 315193, at *13 (Del. Jan. 29, 2024). The Delaware Supreme Court expressly disagreed with the Court of Chancery's conclusion that the forfeiture-for-competition provision at issue there, contained in a limited partnership agreement, should be treated like a restraint of trade subject to a reasonableness standard on review. *Id.* Instead, the State's highest court determined that Delaware public policy generally favors upholding and enforcing forfeiture-for-competition provisions between sophisticated parties. *See id.* at *10-13.[2]

---

[2] We previously anticipated that Delaware courts would examine forfeiture-for-competition provisions under the reasonableness inquiry applicable to non-competes in employment contracts. *See Pollard v. Autotote, Ltd.*, 852 F.2d 67, 71-72 (3d Cir.), *amended*, 872 F.2d 1131 (3d Cir. 1988). The Delaware Supreme Court has now clarified that at least certain forfeiture-for-competition provisions are not subject to a reasonableness inquiry but instead benefit from Delaware law's tradition of ensuring freedom of contract. *Ainslie*, 2024 WL 315193, at *13.

Following the reasoning of the Delaware Supreme Court in *Ainslie*, we conclude that the stock clawback provision at issue here is *not* subject to the reasonableness review applicable to restraints of trade and is enforceable as a bargained-for provision in agreements struck by sophisticated parties. At base, the provision granted Dunai tremendous benefits while imposing limited restrictions on competition, and there are no public policy interests that outweigh Delaware law's tradition of upholding freedom of contract in this case. *See id.* at *10.[3]

With respect to Dunai's remaining arguments, we agree with the reasoning and conclusions reached by the District Court: its Compensation Committee did not act in bad faith; Delaware law governs; the implied covenant of good faith and fair dealing does not apply in these circumstances; the clawback provision is not an unenforceable liquidated damages clause; and Berkley's motion for pre- and post-judgment interest was not barred by the time limit in Federal Rule of Civil Procedure 59(e).

*        *        *

---

[3] While Dunai contends that *Ainslie* is distinguishable because there the forfeiture-for-competition provision featured in a limited partnership agreement, which is not the case here, she offers no persuasive argument why its reasoning does not apply with equal effect to her stock clawback provision. While the Delaware Supreme Court relied in part on the Delaware Revised Uniform Limited Partnership Act (DRULPA), *see, e.g.*, 6 Del. C. § 17-306, in reaching its conclusion that Delaware public policy favors freedom of contract with respect to forfeiture-for-competition provisions in limited partnership agreements, it also noted the State's broader common law tradition of supporting freedom of contract, *Ainslie*, 2024 WL 315193, at *10. That tradition of "contractarian deference," *see id.* at *13, supports upholding and enforcing Dunai's stock clawback provision.

Dunai, a corporate vice president, entered into agreements granting her substantial stock benefits in return for a limited restriction prohibiting her employment by a competitor within a year of departing from Berkley's subsidiary. She provides no basis for escaping the terms of those agreements. We thus affirm the judgment and order of the District Court.